# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 09-04914-MMM(ANx) | Date | October 8, 2009 |

| | |
|---|---|
| Title | KPL Imports Inc. v. CMA CGM (America) LLC, and Does 1-10 |

| | |
|---|---|
| Present: The Honorable | MARGARET M. MORROW |

| ANEL HUERTA | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:** **Order to Show Cause Why Action Should Not be Dismissed for Lack of Subject Matter Jurisdiction**.

## I.  PROCEDURAL BACKGROUND

On July 8, 2009, KPL Imports, Inc. ("plaintiff"), filed a complaint against, *inter alia*, CMA CGM (America) LLC ("defendants"), alleging breach of contract and negligence. Plaintiff asserts that on July 1, 2008, it entered into a written agreement with defendants pursuant to which defendants agreed to transport fish purchased by plaintiff and to keep the temperature of the cargo at -18 degrees C. Plaintiff alleges that due to defendants' negligence, the cargo was not properly refrigerated and that, upon arrival, the USDC inspector deemed the fish unfit for consumption. As a consequence, the fish were useless to plaintiff.

Plaintiff alleges that the amount in controversy is $123,742.15, and asserts that the action falls within the court's diversity jurisdiction under 28 U.S.C. § 1332. Plaintiff's complaint alleges that it is a corporation qualified to do business in California. The pleading does not allege, however, where plaintiff is incorporated or where its principal place of business is. Plaintiff also alleges that defendant is a limited liability corporation with its principal place of business in Virginia. It does not allege the citizenship of each of defendants' members.

## II.  DISCUSSION

Federal courts have subject matter jurisdiction over suits between citizens of different states

where the matter in controversy exceeds the sum or value of $75,000.  28 U.S.C. § 1332(a). "Section 1332 requires complete diversity of citizenship; each of the plaintiffs must be a citizen of a different state than each of the defendants." *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001).

The Ninth Circuit treats limited liability corporations like partnerships for purposes of diversity jurisdiction.  See *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) (applying the standard used by sister circuits and treating LLCs like partnerships).  Thus, "an LLC is a citizen of every state of which its owners/members are citizens." *Id.*; see also *Marseilles Hydro Power, LLC v. Marseilles Land and Water Co*, 299 F.3d 643, 652 (7th Cir. 2002) (explaining that "the relevant citizenship [of an LLC] for diversity purposes is that of the members, not of the company"); *Handelsman v. Bedford Vill. Assocs., Ltd. P'ship*, 213 F.3d 48, 51-52 (2d Cir. 2000) (recognizing that "a limited liability company has the citizenship of its membership" (citing *Cosgrove v. Bartolotta*, 150 F.3d 729, 731 (7th Cir. 1998)).

Plaintiff alleges that "Defendant CMA CGM (America) LLC is a limited liability corporation with its principal place of business address in the State of Virginia."[1]  The complaint, however, does not allege the citizenship of the individual members of CMA CGM (America) LLC.  Similarly, although the complaint alleges that "Plaintiff KPL Imports, Inc. is a corporation qualified to do business in California,"[2] it fails to state where plaintiff is incorporated or where plaintiff's principal place of business is.  As a result, the court is unable to determine whether there is complete diversity of citizenship between plaintiff and defendant.

Accordingly, the court directs the plaintiff to show cause, on or before **Thursday, October15, 2009**, why the court should not dismiss this action for lack of subject matter jurisdiction.  to avoid dismissal, plaintiff must demonstrate that there is complete diversity of citizenship between it and each of defendant's members.

---

[1] Complaint, ¶ 4.

[2] Complaint, ¶ 3.